## UNITED STATES *v.* VEAZIE.

*(Circuit Court, D. Massachusetts.   May 2, 1881.)*

**1. INTERNAL REVENUE—MANUFACTURED TOBACCO—RETAIL DEALER—REV. ST. § 3363.**

Section 3363 of the Revised Statutes provides, *inter alia*, that "no manufactured tobacco shall be sold or offered for sale unless put up in packages and stamped as prescribed in this chapter, *except at retail, by retail dealers, from wooden packages stamped as provided in this chapter*."

*Held*, that a retail dealer who, in the course of his business, sells at retail tobacco taken by him from a wooden package duly put up and stamped, whether taken at or before the sale, does not violate this section.—[Ed.

Indictment.

*U. S. Attorney*, for the United States.

*Prentiss Cummings*, for defendant.

NELSON, D. J.   This is an indictment under Rev. St., § 3363, charging the defendant with selling manufactured tobacco not put up in packages and duly stamped.   The facts not being in dispute, the defendant submitted to a verdict of guilty, subject to the opinion of the court whether the offence charged in the indictment was proved.

Section 3363 is as follows:   "No manufactured tobacco shall be sold or offered for sale unless put up in packages and stamped as prescribed in this chapter, *except at retail, by retail dealers, from wooden packages stamped as provided in this chapter;* and every person who sells or offers for sale any snuffs, or any kind of manufactured tobacco, not so put up in pack-

ages and stamped, shall be fined not less than $500, and imprisoned not less than six months nor more than two years."

It appeared at the trial that the defendant was an apothecary, and also sold cigars and tobacco at retail. He had paid a special tax as a dealer in tobacco, and · purchased plug tobacco in wooden packages, put up and stamped as required by the internal revenue laws. It was his practice to store the original packages in a room in the rear of his shop, and from time to time, as his business required, to cut plugs from the packages and expose them for sale in a show-case in his front shop, the package itself remaining in the back room. At or about the time charged in the indictment he sold one of the plugs from his show-case to one Walsh.

It is clear that these facts bring the defendant within the excepting clause of section 3363, unless, as the government contends, a sale at retail must be made directly and literally from the package, and a sale of a part after it has been separated from the whole is unlawful. That this is not the meaning of the clause is plain. Its evident purpose is to permit the retail dealer, whose business is to make single sales in quantities less than the whole package, to break the package and sell to his customers in the lesser quantity. The statute prescribes no time when the separation of the lesser from the larger quantity shall be made. It does not declare that the separation shall take place only at the instant of time when the separated piece is sold. All it says is that it shall be *from* the package, the evident inference being that it may be taken from the package for sale at retail before the sale. How long before, it does not attempt to prescribe. The court cannot supply what the statute omits to provide, and by sheer force of construction add an element which is wanting.

A statute so highly penal as this should be construed with at least reasonable strictness, and ought not to be extended by implication so as to include acts not plainly within its terms. The interpretation insisted upon by the government is a forced one, and is not warranted either by the letter or spirit of the enactment. A retail dealer who, in the course of his

business, sells at retail tobacco taken by him from a wooden package duly put up and stamped, whether taken at or before the sale, does not violate this section.

Verdict set aside and a new trial granted.